U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 1 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| REGINALD LASTRAPES<br>FED. REG. NO. 08778-035 | CIVIL ACTION NO 05-1822-A |
| VS. | SECTION P<br>JUDGE DRELL |
| FREDERICK MENIFEE, WARDEN | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on October 14, 2005 by *pro se* petitioner Reginald Lastrapes. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, Louisiana (USPP) where he is serving a 188 month sentence imposed following his 1995 drug convictions in the Lake Charles Division of this court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum of law, and the exhibits tendered by the petitioner establish the following relevant facts.

Sometime prior to December 12, 1993, petitioner was apparently convicted of Distribution of Cocaine and Possession of Stolen Property in the Fourteenth Judicial District Court,

Calcasieu Parish, Louisiana. He was apparently sentenced; however, the sentence was suspended and he was placed on probation. [See Doc. 1-2, p. 5;]

On or about December 12, 1993 petitioner was arrested by the Calcasieu Parish Sheriff's Office and charged with two counts of probation violation. He was also charged with one count of criminal non-support. [*id.*; see also Doc. 1-2, p. 10]

On March 23, 1994 petitioner's probation was revoked and he was sentenced to serve a total of seven years with the Louisiana Department of Public Safety and Corrections. He was committed to that agency's custody to serve his sentence. [*id.*; see also, Doc. 1-2, p. 13]

On October 17, 1994 petitioner was taken into federal custody on a writ of *habeas corpus ad prosequendum*. On that same date petitioner pled guilty to one count of distribution of cocaine base in the Lake Charles Division of this court. On May 4, 1995 he was sentenced to serve 188 months in prison and this sentence was ordered to run consecutive to the Louisiana sentence. Petitioner appealed this sentence to the Fifth Circuit Court of Appeals. On January 2, 1996, the Fifth Circuit vacated the sentence and remanded for re-sentencing. On April 18, 1996 petitioner was re-sentenced; in accordance with the previous directive of the Fifth Circuit, the sentence was ordered to be served <u>concurrently</u> with a sentence imposed by a Louisiana state

court. [See <u>U.S.A. v. Lastrapes</u>, No. 2:94-cr-20057 (USDC -WDLa, Lake Charles Division)]

Following the imposition of sentence in the federal case, petitioner was returned to the custody of the Louisiana Department of Public Safety and Corrections to serve the Louisiana sentence. [Doc. 1-2, p. 5]

On March 15, 1997, petitioner was paroled from the custody of the Louisiana Department of Public Safety and Corrections. [Doc. 1-2, p. 14] He was held in custody on behalf of the federal government and on June 10, 1997 he was taken into the physical custody of the BOP. [id.]

On March 23, 2005 petitioner submitted an Informal Resolution Attempt to his Unit Counselor at USPP. Therein petitioner stated,

> "I was sentenced to my federal sentence to run concurrent with my State of Louisiana time concurrently. ... I seek to obtain credit on my federal sentence for the time I spent in State of Louisiana custody prior to being transferred to Federal Custody when my State time was completed..." [Doc. 1-2, p. 4]

On April 1, 2005, the petitioner's counselor advised, among other things,

> "...While researching your issue, ISM staff received additional information regarding prior custody credit that may be applied to your federal sentence as a under <u>Willis</u>[1] time

---

[1] "Willis credits," named after <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir.1971).

> credits... Credits to be awarded will be from December 11, 1994, the day after you release from time served until March 22, 1994, the day before the probation violation sentence was imposed.[2] Based on the above findings, I can find no basis for further administrative action. Relief is granted." Doc. 1-2, pp. 5-6]

Petitioner was dissatisfied with the response and so, on April 8, 2005, he submitted a formal Request for Administrative Remedy and stated,

> "The issue involves sentencing credits to my Federal time based upon time I spent in the custody of the State of Louisiana. ... I believe that I am entitled to additional credits. Mr. White's response appears to be in error where he refers to credits from 'December 11, 1994 until March 22, 1994.' Those dates cannot be correct obviously.[3] The Federal Judgment orders the federal time to run concurrent with 'any other sentence.' First, the time for the non-support charges was civil contempt and not criminal time in the State of Louisiana. Moreover, the probation violation was for the behavior that I pled guilty in the federal case. The BOP designated the State of Louisiana Department of Corrections as the facility at where I would serve my federal sentence initially. Under that scenario <u>I should receive credit for all the time from the date of the federal arrest, (October 11, 1994). I request that time credit be awarded from October 11, 1994 until the present.</u>" [Doc. 1-2, p. 15]

---

[2] This is apparently a typographical error. The undersigned must assume that the correct date is February 11, 1994 since that is the date that petitioner was released on time-served on the non-support contempt violation.

[3] See footnote 2.

On April 27, 2005, Warden Menifee responded to petitioner's grievance,

> "You were arrested by Calcasieu Parish Sheriff's Department on December 12, 1993, on two counts of Violation of Probation stemming from the original arrest of Distribution of Cocaine and Possession of Stolen Things. At the time of arrest, another charge of non-support was also included in the arrest. On February 10, 1994, you were sentenced to Time Served on the non-support charge only, and remained in continuous custody. On March 23, 1994, your probation was revoked on both counts, whereas, you were sentenced to a total of seven years.
>
> While in primary custody of the State of Louisiana, the United States Marshals Service (USMS) assumed custody of you pursuant to a writ of habeas corpus ad prosequendum as a result of a criminal complaint filed in the Western District of Louisiana. While borrowed from the state on a federal writ, on May 4, 1995, you plead guilty to Count I, for the offense of Distribution of .42 Grams of Cocaine Base, ... (Docket No. CR 94-20057-01). You were sentenced to a term of 188 months and a five-year term of supervision to follow. Your sentence was ordered to run consecutive to any sentence you were serving. On April 18, 1996, this sentence was later ordered to run concurrent to any other sentence. After sentencing, you were returned bak to the State of Louisiana to complete the undischarged portion of the state sentence you were currently serving. On March 15, 1997, you paroled from your state sentence, but held by a detainer until being released into the custody of the USMS on June 10, 1997.
>
> Your federal sentence began on May 4, 1995, the date your federal sentence was imposed. Program Statement 5580.28, entitled Designation of State Institution for Service of Federal Sentence, states in part,


'concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence to be served concurrently with the non-federal sentence.' This specifically applies to your situation. While researching your issue, ISM staff received additional information regarding prior custody credit that may be applied to your federal sentence as Willis time credits [citation omitted]. Jail Credit was awarded from December 11, 1994, the day after you released from time served on March 22, 1994, the day before the probation violation sentence was imposed."[4] [Doc. 1-2, pp. 16-17]

Dissatisfied with this response, petitioner appealed to the Regional office stating,

"While I was in the state custody serving both my state and federal concurrent running sentences, the B.O.P. designated [] Louisiana Department of Corrections as the facility at which I was serving my federal time as well. As such, I am entitled to receive credit from the first day I was charged in federal court. Moreover, the Federal Judge set forth that my sentence shall run concurrent with any other sentence. <u>Therefore I request credit on my sentence from October 11, 1994 to the present</u>." [Doc. 1-2, p. 18]

On July 7, 2005, the Regional Director responded,

"Since the court ordered your federal sentence to be served concurrently with your state sentence, you have been awarded presentence credit pursuant to <u>Willis v.</u>

---

[4] This likewise appears to be a typographical error. Warden Menifee no doubt intended the date to be February 11. See footnote 2, supra.

> U.S., 438 F.2d 923 (5th Cir. 1971). In this
> situation, qualified presentence credit is
> the amount of time in non-federal custody
> after the date of the federal offense to the
> date the non-federal custody after the date
> of the federal offense to the date the non-
> federal or federal sentence commenced,
> whichever is earlier. You received
> presentence credit according to Willis from
> the day after you released from your one-year
> state term, through March 22, 1994, the day
> before your state parole term was revoked."[5]
> [Doc. 1-2, p. 19]

On July 12, 2005 petitioner appealed this decision to the Central Office. Among other things, petitioner noted, "The [Regional Director's] response sets forth that 'you were sentenced to a one-year term of imprisonment for Non-support.' That statement is not correct. I was never sentenced to a day of imprisonment for Non-support." [Doc. 1-2, p. 21]

On September 6, 2005 the National Inmate Appeals Administrator responded,

> "Because your offense conduct which resulted
> in the state violating your probation also
> resulted in your current federal sentence,
> and the federal sentence is ordered to run
> concurrently, you request state time, from
> October 11, 2004, through May 3, 1995 as
> credit.[6]
>
> Title 18, U.S.C. §3585(a), stipulates a
> federal sentence cannot commence before it is

---

[5] The Regional Director was apparently mistaken. Petitioner did not receive a one-year sentence on the non-support contempt conviction. Petitioner pointed out this error in his appeal to the National Inmate Appeals Administrator.

[6] This also appears to be a typographical error. Petitioner's Regional Appeal requested credit for time served from October 11, 1994 to the date of filing, May 4, 2005.

imposed or before you are received in
exclusive federal custody. However, because
it was ordered to run concurrently with your
state sentence, already in operation, you
were granted a Nunc Pro Tunc designation,
allowing your federal sentence to commence
the day it was imposed, May 4, 1995.
Title 18, United Stats Code §3585(b), governs
the application of prior custody credit,
permitting such credit as long as it has not
been credited against another sentence. When
such situations arise, staff evaluate state
credits to ensure you derived a benefit.
Staff determined you were eligible to receive
credit, from February 11, 1994, through March
22, 1994, pursuant to <u>Willis v. U.S.</u>, 449
F.2d 923 (CA 5, 1971).

Additionally, Program Statement 5880.28,
Sentence Computation Manual (CCCA), page 1 -
20B, paragraph 6, discusses time spent in
custody under a writ of habeas corpus from
non-federal custody. Such time is not in and
of itself considered for crediting
presentence time because the primary reason
for 'writ' custody is not the federal charge.
The court 'borrowed' you under the provisions
of the writ. Title 18, U.S.C. §3585(b)
prohibits such time from being applied to
your federal sentence.

Our review reveals your sentence computation
is correct ... No additional credit is
permitted." [Doc. 1-2, p. 22]

Petitioner filed his federal *habeas corpus* petition on October 17, 2005. In the petition he requested time credit only for the period from December 12, 1993 to February 10, 1994. [Doc. 1-2, p. 3]

## LAW AND ANALYSIS

When petitioner filed his initial request for administrative remedy, he asked for credit for time served commencing on October

11, 1994. He made the same request in his Regional Administrative Remedy Appeal and in his Central Office Administrative Remedy Appeal. [See Doc. 1-2, pp. 15, 18, and 21]

He now seeks only credit for the time served in state custody between December 12, 1993 to February 10, 1994. [See Doc. 1-2, p. 3: "The jail credit which Mr. Lastrapes is making this claim <u>is for the period December 12, 1993 to February 10, 1994.</u> ...the denial by the Respondent in awarding the time credits for the <u>period December 12, 1993 to February 10, 1994</u> was illegal. <u>Mr. Lastrapes requests that this Honorable Court order the Respondent to award credit to his prison sentence for those dates...</u>"]

Federal prisoners generally must exhaust administrative remedies before filing a *habeas corpus* petition under 28 U.S.C. § 2241. See <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir.1992) (*per curiam*); <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir.1991); <u>Little v. Hopkins</u>, 638 F.2d 953, 953-954 (6th Cir.1981) (*per curiam*); <u>Hardwick v. Ault</u>, 517 F.2d 295, 296 (5th Cir.1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy....'").

The exhaustion of administrative remedies prepares a record for the court. The administrative remedies available to inmates confined in BOP institutions are set out at 28 C.F.R. §§

542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. See § 542.15.

The record demonstrates that the petitioner exhausted all four steps of the BOP administrative system but only with regard to his claim that he was entitled to credit against his federal sentence for time served in state custody reckoned from October 11, 1994.

Now, he seeks credit for time served in custody between December 12, 1993 through February 10, 1994. This claim was not presented and therefore not considered at any level of his grievance process. Because the petitioner has not exhausted the issue of credits for this time period, the record, as shown above, is incomplete. Consideration of his claim at this time would be a waste of judicial resources. Further, by raising the specific issue in an appropriate manner, petitioner may obtain the relief he seeks without court intervention. Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because of his failure to fully exhaust available administrative remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _31st_ day of _August_, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE